IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID LEE,

    Plaintiff,

vs.                                                                       Civ. No. 04-1087 JP/WDS

REGENTS OF THE UNIVERSITY OF CALIFORNIA,
dba LOS ALAMOS NATIONAL LABORATORY,
G. PETER NANOS, CAROLYN MANGENG, LEE
McATEE, WILLIAM F. EISELE, JAMES R. BLAND,
SANDRA GOGOL, and VICTORIA McCABE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On October 18, 2004, the Defendants filed Defendants' Motion to Dismiss (Doc. No. 5), which is based on FED. R. CIV. P. 12(b)(6). Having reviewed the briefs and relevant law, the Court finds that the Defendants' Motion to Dismiss should be granted.

A. Background

Plaintiff began working at the Los Alamos National Laboratory (LANL) in 1993 as a Technical Staff Member to manage the X-Ray and Sealed-Source Team within HSR-12. Except for the period of 1998-99, the Plaintiff was also the Team Leader of the Radiological Engineering Team. At the beginning of May 2002, Defendant McCabe, an employee of the LANL Human Relations Office, began an investigation of complaints by Defendant Gogol against the Plaintiff. Defendant McCabe interviewed the Plaintiff on May 10, 2002. On May 20, 2002, Defendant Eisele removed Plaintiff as Team Leader, placed Plaintiff on investigatory leave, and sent the Plaintiff to LANL's medical facility for a fitness-for-duty review. On July 3, 2002, Plaintiff was found to be unconditionally fit for duty. Later in July 2002, Defendant McCabe interviewed

Plaintiff a second time.  In August 2002, Plaintiff was suspended for three weeks, demoted, and formally reprimanded.  After the expiration of the suspension period, Plaintiff was placed on investigatory leave until his termination in November 2002.  Plaintiff found subsequent employment in July 2004 at the Los Alamos office of the United States Department of Energy (DOE).  Plaintiff continues to work for the DOE.

Count I of the First Amended Complaint is a 42 U.S.C. §1983 claim alleging that Defendants Regents of the University of California ("Regents"), McAtee, Eisele, Bland, and McCabe, in their individual capacities,[1] violated Plaintiff's right to procedural due process when they deprived Plaintiff of his property interest in his employment at LANL by disciplining and terminating Plaintiff without just cause contrary to the LANL Administrative Manual (AM).[2] Count II of the First Amended Complaint is a bad faith breach of contract claim brought against the Defendant Regents in their individual capacities.  Count III of the First Amended Complaint is a §1983 claim alleging that Defendants Eisele, McAtee, and Mangeng, in their official and individual capacities, unlawfully deprived the Plaintiff of his liberty interest in his reputation by trying to undermine Plaintiff's subsequent employment with the DOE.  Count IV of the First Amended Complaint is an interference with business advantage claim brought against Defendants Regents, McAtee, Eisele, and McCabe in their individual capacities.  Count VII[3] of

---

[1]The Plaintiff clarified in his response to the motion to dismiss that Count I is against Defendants Regents, McAtee, Eisele, Bland, and McCabe only in their individual capacities.

[2]The Plaintiff further clarified in his response to the motion to dismiss that he is asserting a procedural due process claim, not a substantive due process claim under Count I.

[3]Counts VII and VIII are misnumbered; no counts were numbered V or VI.

the First Amended Complaint is a civil conspiracy claim against Defendants Regents, McAtee, Eisele, and McCabe in their individual capacities. Finally, the Plaintiff alleges in Count VIII of the First Amended Complaint a *prima facie* tort claim against all of the Defendants in their individual capacities.

Defendants Regents, McAttee, Eisele, Bland, and McCabe move to dismiss Count I on the basis of qualified immunity. Defendants Eisele, McAttee, and Mangeng also move to dismiss Count III on the basis of qualified immunity. Plaintiff has agreed to dismiss Count III without prejudice but Defendants Eisele, McAttee, and Mangeng argue that the dismissal should be with prejudice. Next, Defendant Regents move to dismiss the state law claims against them on the basis of Eleventh Amendment immunity. Moreover, the Defendants, as a whole, move to dismiss the state law claims against all of them based on the State of California's law of sovereign immunity. The Defendants request, in the alternative, that if the Court decides to dismiss the §1983 claims, the Court should refrain from exercising supplemental jurisdiction over the state claims. The Plaintiff does not appear to oppose this alternative request.

B.  Standard of Review

In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The Court may dismiss the complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

C. Discussion

    1. Counts I and III: the §1983 Claims

        a. Count I: Procedural Due Process

Defendants Regents, McAtee, Eisele, Bland, and McCabe argue that they are entitled to qualified immunity with respect to Count I. The Tenth Circuit recently articulated the test for qualified immunity when raised in a motion to dismiss.

> Once a defendant raises qualified immunity in the context of a motion to dismiss, a court must first determine whether the plaintiff has alleged a violation of federal law. *Eaton v. Meneley*, 379 F.3d 949, 954 (10th Cir.2004). If the answer is "yes," then the court must decide whether the right was clearly established when the alleged violation occurred. *Id.; see also Smith v. Cochran*, 339 F.3d 1205, 1211 (10th Cir.2003). To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Albright v. Rodriguez*, 51 F.3d 1531, 1535 (10th Cir.1995) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). Although the very conduct in question need not have been held unlawful, "in the light of pre-existing law the unlawfulness must be apparent." *Id*. If a plaintiff fails to demonstrate that a defendant's conduct violated the law, then we need not reach the additional question of whether the law was clearly established. *Butler v. Rio Rancho Pub. Schs. Bd. of Educ.*, 341 F.3d 1197, 1200 (10th Cir.2003).

*Marino v. Mayger*, 118 Fed. Appx. 393, 398 (10th Cir. 2004)(footnote omitted). The first question then is whether Plaintiff has alleged a violation of his procedural due process rights resulting in an unlawful deprivation of his property interest in his employment at LANL.

Count I of the First Amended Complaint alleges that Defendants Regents, McAtee, Eisele, Bland, and McCabe disciplined and terminated Plaintiff without just cause in contravention of the LANL AM. First Amended Complaint for Damages and Other Relief for Deprivation of Civil Rights, Breach of Contract, Interference with Economic Advantage, Civil Conspiracy, And /Or Prima Facie Tort, With Jury Demand (Doc. No. 2) at ¶65, filed Sept. 29,

4

2004. However, Plaintiff, in his response to the motion to dismiss, attempts to expand Count I by stating that he was also denied pre- and post-termination hearings at which he could have confronted and cross-examined witnesses. It is well settled that "[t]he nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). *See also Issa v. Comp USA*, 354 F.3d 1174, 1179 (10th Cir. 2003)(a plaintiff may not rely on allegations in his reply brief to supplement the complaint). The Court, therefore, cannot consider the additional allegations presented in Plaintiff's response brief in deciding this Rule 12(b)(6) motion to dismiss.

"In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law.*" *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)(citations omitted). The Defendants assume, and so does the Court, that for purposes of this motion to dismiss, the Plaintiff had a property interest in his continued employment at LANL. The Plaintiff, however, fails to allege in his First Amended Complaint that he was deprived of his property interest without the procedural protections afforded by due process of law. The Plaintiff only challenges the propriety of the deprivation, i.e., he was disciplined and terminated without cause. These allegations do not state a valid deprivation of procedural due process claim.

Even if Plaintiff had alleged that he did not receive a pre- or post-termination hearing, that still would not have been a sufficient allegation of a valid procedural due process violation. A pretermination hearing "need not be elaborate" nor does it need to be a full-blown evidentiary hearing. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545 (1985). Moreover, "the

pretermination hearing need not definitively resolve the propriety of the discharge." *Id*. All that due process requires is "notice and an opportunity to respond." *Id*. at 546. In this case, it is undisputed that Defendant McCabe interviewed the Plaintiff twice before adverse employment actions were taken against the Plaintiff. These interviews provided Plaintiff with notice and an opportunity to respond. The Plaintiff does not allege that Defendants failed to provide him notice of the adverse employments actions nor does Plaintiff allege that he was denied the right to respond, as is allowed by the procedures in the AM. Finally, since the Plaintiff does not allege that he requested a post-termination hearing and thereafter was a denied a post-termination hearing, Defendants Regents, McAtee, Eisele, Bland, and McCabe cannot be held responsible for an alleged denial of a post-termination hearing. *See Herrera v. City of Albuquerque*, 1999 WL 815815 \*\* 2 (10th Cir.). The Plaintiff's allegations of denial of pre- and post-termination hearings fail to state a procedural due process claim. In sum, Defendants Regents, McAtee, Eisele, Bland, and McCabe are entitled to qualified immunity with respect to Count I.

       b. Count III:  Deprivation of Liberty Interest in Reputation

 The Plaintiff concedes that he does not state a due process claim for the deprivation of his liberty interest in his reputation. Plaintiff asks the Court to dismiss Count III without prejudice so he can subsequently raise that claim should the alleged defamation by Defendants Eisele, McAttee, and Mangeng adversely affect Plaintiff's employment at DOE. Defendants Eisele, McAttee, and Mangeng argue that Count III should be dismissed with prejudice because Plaintiff cannot state a due process claim based on the deprivation of his liberty interest even if their alleged defamation subsequently harms Plaintiff's current employment in some way.

  For a public employee to state a valid liberty interest claim, the employee must show the

following four elements:

> First, to be actionable, the statements must impugn the good name, reputation, honor, or integrity of the employee. Second, the statements must be false. Third, the statements must occur in the course of terminating the employee or must foreclose other employment opportunities. And fourth, the statements must be published.

*Workman v. Jordan*, 32 F.3d 475, 481 (10th Cir. 1994). Defendants Eisele, McAttee, and Mangeng argue that the Plaintiff cannot allege at a later date facts which meet the third element of a liberty interest claim.

The Tenth Circuit has held that where a plaintiff has not lost his current employment, the plaintiff cannot show lost employment opportunities under the third element based on the speculative nature of the loss of future positions. *Id.* at 482. Moreover, if a plaintiff is not terminated incident to the alleged defamation, but then seeks government employment elsewhere and is unable to obtain that type of government employment due to the defamatory statements, that plaintiff has likewise not alleged a liberty interest claim. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1154 (10th Cir. 2001)(citing *Siegert v. Gilley*, 500 U.S. 226 (1991)). In this case, the Plaintiff does not allege that he was terminated from LANL because of the alleged defamation. Plaintiff, however, appears to contend that if the alleged defamation leads to the termination of his employment with the DOE, he would then have been terminated incident to the alleged defamation. This possibly could be a plausible liberty interest claim. The Court will not rule at this juncture whether it in fact is a valid liberty interest claim, but will dismiss the liberty interest claim without prejudice instead of with prejudice.

    2. Counts II, IV, VII, and VIII: the State Law Claims

According to 28 U.S.C. §1367(c)(3), a district court may decline to exercise supplemental

jurisdiction once it has dismissed the claims over which it had original jurisdiction. *See Lancaster v. Independent Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998). If all federal claims are dismissed before trial, state law claims will generally be dismissed as well. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966); T*hatcher Enters. v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990). Because the Plaintiff's federal §1983 claims are subject to dismissal, the Court declines to exercise supplemental jurisdiction over the state law claims.

   IT IS ORDERED that:

   1. Defendants' Motion to Dismiss (Doc. No. 5) is granted;

   2. Count I will be dismissed with prejudice; and

   3. Counts II, III, IV, VII, and VIII will be dismissed without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE