IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID LEE,

    Plaintiff,

vs.  Civ. No. 04-1087

REGENTS OF THE UNIVERSITY OF CALIFORNIA,
dba LOS ALAMOS NATIONAL LABORATORY,
G. PETER NANOS, CAROLYN MANGENG, LEE
McATEE, WILLIAM F. EISELE, JAMES R. BLAND,
SANDRA GOGOL, and VICTORIA McCABE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On May 27, 2005, Plaintiff David Lee filed Plaintiff's Request for Reconsideration and for Leave to Amend First Amended Complaint. (Doc. No. 14). In his motion, Plaintiff asks the Court to reconsider its dismissal, with prejudice, of Count I of Plaintiff's First Amended Complaint. (Doc. No. 2). Plaintiff further requests the Court to grant him leave to further amend his complaint. After review of the arguments of counsel and the relevant law, the Court finds that Plaintiff's motion should be denied.

*I. Factual and Procedural Background*

Count I of Plaintiff's First Amended Complaint sought recovery under 42 U.S.C. § 1983, alleging that Plaintiff was denied due process of law when Defendants terminated his employment without cause.[1] Defendants filed a Motion to Dismiss Plaintiff's complaint on October 18, 2004. (Doc. No. 5). On May 17, 2005, the Court issued a Memorandum Opinion and Order granting

---

[1] Plaintiff indicated in his response to the Defendants' motion to dismiss that Count I of his complaint was only against Defendants Regents, McAtee, Eisele, Bland, and McCabe in their individual capacities.

Defendants' motion to dismiss. (Doc. No. 12). After accepting all of the factual allegations in Plaintiff's first amended complaint as true, the Court found the following factual background:

> Plaintiff began working at the Los Alamos National Laboratory (LANL) in 1993 as a Technical Staff Member to manage the X-Ray and Sealed-Source Team within HSR-12. Except for the period of 1998-99, the Plaintiff was also the Team Leader of the Radiological Engineering Team. At the beginning of May 2002, Defendant McCabe, an employee of the LANL Human Relations Office, began an investigation of complaints by Defendant Gogol against the Plaintiff. Defendant McCabe interviewed the Plaintiff on May 10, 2002. On May 20, 2002, Defendant Eisele removed Plaintiff as Team Leader, placed Plaintiff on investigatory leave, and sent the Plaintiff to LANL's medical facility for a fitness-for-duty review. On July 3, 2002, Plaintiff was found to be unconditionally fit for duty. Later in July 2002, Defendant McCabe interviewed Plaintiff a second time. In August 2002, Plaintiff was suspended for three weeks, demoted, and formally reprimanded. After the expiration of the suspension period, Plaintiff was placed on investigatory leave until his termination in November 2002. Plaintiff found subsequent employment in July 2004 at the Los Alamos office of the United States Department of Energy (DOE). Plaintiff continues to work for the DOE.

(Doc. No. 12, at pgs. 1-2). Based upon this factual background, the Court determined that Defendants were entitled to qualified immunity with respect to Count I of Plaintiff's complaint because Plaintiff had failed to allege that he was deprived of a property interest without due process of law. The Court issued a Final Order on May 17, 2005, dismissing Count I of Plaintiff's complaint with prejudice. (Doc. No. 13). The Court dismissed Plaintiff's remaining claims without prejudice.[2]

In particular, the Court noted that Plaintiff did not challenge the procedures used by the

---

[2] Plaintiff's remaining claims were for bad faith breach of contract (Count II), unlawful deprivation of liberty interest in Plaintiff's reputation, in violation of 42 U.S.C. § 1983 (Count III), interference with business advantage (Count IV), civil conspiracy (Count VII), and for *prima facie* tort (Count VIII). There were no counts numbered V or VI.

Defendants during the termination of his employment, but instead only alleged that he was terminated without cause. Consequently, Plaintiff had failed to allege a cognizable procedural due process claim. The Court further found that, even if Plaintiff had adequately challenged the procedures used during his termination, he had been provided with due process of law. The interviews conducted by Defendant McCabe prior to Plaintiff's termination provided him with notice and an opportunity to respond. Finally, the Court determined that "since Plaintiff [did] not allege that he requested a post-termination hearing and thereafter was denied a post-termination hearing, Defendants . . . cannot be held responsible for an alleged denial of a post-termination hearing." (Doc. No. 12, at pg. 6). Plaintiff had therefore failed to establish a violation of his procedural due process rights, and Count I was dismissed with prejudice.

## II. Standard of Review

The Federal Rules of Civil Procedure do not recognize motions to reconsider. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). Rather, post-judgment motions should be made and evaluated in accordance with either FED. R. CIV. P. 59(e) (motion to alter or amend judgment) or FED. R. CIV. P. 60(b) (relief from judgment or order). Whether a motion to reconsider is construed as arising under Rule 59(e) or Rule 60(b) is significant, as "[t]hese two rules serve different purposes and produce different consequences, both substantive and procedural." *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (quoting *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988)). Federal courts have previously determined whether to evaluate a motion for reconsideration under Rule 59(e) or Rule 60(b) by looking at the timing of the motion. *See, e.g., Computerized Thermal Imaging*, 312 F.3d at 1296 n.3. However, the

Tenth Circuit has recently held that district courts "should evaluate post-judgment motions filed within ten days of judgment based on the reasons expressed by the movant, not the timing of the motion." *Jennings*, 394 F.3d at 855.

Plaintiff does not seek relief from the Court's Order based upon any of the grounds enunciated in Rule 60(b), such as mistake, excusable neglect, or newly discovered evidence. FED. R. CIV. P. 60(b) (2005). Rather, Plaintiff contends "that to leave things as they now stand would do him manifest injustice." (Doc. No. 14, at pg. 1). A Rule 59(e) motion is usually granted "only to correct manifest errors of law or to present newly discovered evidence" *Jennings*, 394 F.3d at 854 (quoting *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000)). Plaintiff's motion essentially questions the correctness of the Court's prior Order, and consequently is asking for a Rule 59(e) "reconsideration of matters properly encompassed on a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *see also Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997). The Court therefore will evaluate Plaintiff's motion under Rule 59(e) for manifest error.

### III. Discussion

In his motion to reconsider, Plaintiff argues that the Court's Order unjustly imposed an exhaustion requirement on his due process claim. Plaintiff asserts that the allegations in his complaint established that the pre-termination procedures used by Defendants were so biased that "for Plaintiff to have requested a [post-termination] hearing would have been futile." (Doc. No. 14, at pg. 3). Plaintiff contends that "[b]y basing its decision on the fact that Plaintiff never requested a post-termination hearing . . . the Court in effect required Plaintiff to exhaust an obviously futile remedy." (Doc. No. 14, at pg. 3).

Plaintiff has not shown that the Court's May 17, 2005 Memorandum Opinion and Order was manifestly erroneous.  Plaintiff's argument that the Court wrongly imposed an exhaustion requirement on his due process claim is fallacious.  As the Court previously pointed out, "[i]n procedural due process claims, the deprivation by state action of a constitutionally protected interest . . . is not itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law."  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  A due process violation does not occur until a state fails to provide due process, and "exhaustion *simpliciter* is analytically distinct from the requirement that the harm alleged [in a procedural due process claim] has occurred."  *Alvin v. Suzuki,* 227 F.3d 107, 116 (3d Cir. 2000).  As the Tenth Circuit has stated:

> Federal courts do not sit to second guess state decisions on the merits of a discharge decision, but only to ensure that employees are provided due process when the decision is made . . . Thus, our holding here is not that [Plaintiff] must exhaust his claim before he has a federal cause of action; rather, unless state law fails to afford [Plaintiff] adequate process, he has no federal constitutional claim to begin with. By waiving his hearing, [Plaintiff] deprived the [state] of the opportunity to provide him with due process, and he gave up his right to test the correctness of the [state's] decision.

*Pitts v. Board of Education*, 869 F.2d 555, 557 (10th Cir. 1989).  The Court's Order thus did not impose an exhaustion requirement on Plaintiff, but merely acknowledged that Plaintiff had not established a violation of his procedural due process rights.

Moreover, Plaintiff's argument that requesting a post-termination hearing would have been futile does not change the Court's analysis.  Plaintiff has not established that the post-termination hearing would be biased because "an allegation that initial stages of a process [have] been biased does not mean that the later processes will be biased as well."  *Alvin*, 227 F.3d at 118.

5

Further, by failing to request a post-termination hearing, Plaintiff has waived any claims he may have raised about the hearing's inadequacy.  *Cf.  Pitt,* 869 F.2d at 557; *McGee v. Boren*, 58 Fed. Appx. 436, 438 (10th Cir. 2003) (unpublished).  Plaintiff has not established that the Court's prior Order was manifestly erroneous, and therefore Plaintiff's motion to reconsider will be denied.

Finally, since Count I of Plaintiff's complaint was dismissed with prejudice, and since the Court declines to reconsider that dismissal, any amendment to Count I would be futile.  *See Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993) (A court normally refuses to amend only "on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.").  Thus, Plaintiff's request to amend Count I of his First Amended Complaint will be denied.

IT IS THEREFORE ORDERED THAT Plaintiff's Request for Reconsideration and for Leave to Amend First Amended Complaint (Doc. No. 14) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE